Jose F. GONZALEZ, Appellant,

v.

CIGNA INSURANCE COMPANY of TEXAS, Appellee.

No. 04–95–00590–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1996.

Rehearing Overruled May 16, 1996.

Jerald L. Abrams, Eagle Pass, for Appellant.

Celeste E. Scalise, Law Offices of Sean P. Martinez, San Antonio, Harry Deckard, Assistant Attorney General, Tort Litigation Division, Austin, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

STONE, Justice.

This is an appeal from a summary judgment. Appellant, Jose F. Gonzalez, seeks judicial review and reversal of a Texas Workers' Compensation Commission ("the Commission") Appeals Panel decision which denied him benefits under the 1989 Act when it ruled that the policy of appellee, CIGNA Insurance Company of Texas ("CIGNA"), was no longer in effect on the date of his injury. This decision reversed the finding of the Commission's contested case hearing officer who ordered that appellant receive workers' compensation benefits because he found that workers' compensation insurance coverage existed between appellant's employer, Eagle Pass Golden Crossing, Inc., doing business as Golden Fried Chicken ("Golden"), and CIGNA and was in effect on the date of appellant's injury. Appellant complains on appeal that the trial court erred in: 1) granting summary judgment for the insurance carrier and 2) denying the plaintiff employee's amended motion for summary judgment and his motion for new trial. We disagree, and affirm the decision of the trial court.

### Timeline

May 3, 1991  Golden sent a letter to the Commission which stated that it was canceling workers' compensation insurance coverage effective Sunday, May 5, 1991. This letter was received by the Commission on May 6, 1991. The letter gave Golden's name, address, policy number, and carrier's name, and stated that an Employer notice of "No Coverage" was being posted at the place of business and that each employee was being notified that coverage had been terminated by means of written notice.

May 6, 1991  Date stamps on copies of the transmittal letter and Golden's Notice of No Coverage indicate that CIGNA received these documents on May 6, 1991. The May 3, 1991 letter and copy of Employer Notice of No Coverage were also sent via facsimile from Golden to CIGNA on May 3, 1991.

May 30, 1991 The Commission received CIGNA's first cancellation or non-renewal notice for workers' compensation insurance which gave June 12, 1991 as the date of cancellation. The reason for cancellation was failure to pay interim audit *for the period of March 1, 1991 through April 12, 1991.* The notice also stated that Golden's policy continued in effect for 10 days after the notice was mailed to Golden or until the date the policy is canceled, whichever is later. The Cancellation Notice indicates it was sent by certified mail on May 28, 1991.

June 10, 1991 Appellant slipped, fell, and hurt his back while working for Golden at Golden's place of business. Appellant testified that he immediately notified his supervisor of his injury and received medical treatment for his injury that same day.

June 17, 1991 The Commission received CIGNA's second cancellation or non-renewal notice for workers' compensation insurance dated June 13, 1991 which again showed June 12, 1991 as the date of cancellation. This time the reason for cancellation was "at the insured's request." The notice also stated: "Your policy continues in effect for [ ] 10 days [ ] 30 days after this notice was mailed to you or until this policy is canceled, whichever is later." However, the notice did not indicate whether the 10 day or 30 day period applied.

July 11, 1991 The Commission received CIGNA's third cancellation or non-renewal notice for workers' compensation insurance dated July 9, 1991 which showed the date of cancellation as May 5, 1991. Again, the reason for cancellation was "at the insured's request." The *third notice also contained the state-ment:* "Your policy continues in effect for [ ] 10 days [ ] 30 days after this notice was mailed to you or until this policy is canceled, whichever is later." However, the notice did not indicate whether the 10 day or 30 day period applied.

In two points of error, appellant contends that the trial court erred both in granting CIGNA's summary judgment and in denying his amended motion for summary judgment and his motion for new trial. Appellant claims the sole issue on appeal, as stated by the Commission's appeals panel, is whether Golden had workers' compensation insurance coverage on June 10, 1991, the date when appellant suffered his work-related injury.

Appellant contends that Golden's coverage continued until CIGNA gave notice of cancellation of Golden's policy under the provisions of TEX.LAB.CODE ANN. § 406.008 (Vernon Supp.1996). The Commission's appeals panel found that Section 406.008 did not apply because the insurance policy was effectively terminated by Golden on June 5, 1991 under the provisions of Texas Labor Code § 406.006, and therefore, CIGNA's attempted cancellation of the policy after that date had no legal effect. The Commission found that: "[CIGNA] could not cancel a policy that had already been canceled by the Employer." Tex. Workers' Comp. Comm'n, *Appeal of CIGNA from Contested Case Hearing Officer's Determination of Workers' Compensation Insurance Coverage,* Appeal No. 91086, pages 6–7. (Div. of Hearings and Rev. Jan. 10, 1992) (final order determining coverage). After independent review, we agree that Section 406.008 does not apply.

The Commission's appeals panel found that appellant was not entitled to workers' compensation benefits based upon TEX.LAB.CODE ANN. § 406.007 (Vernon Supp.1996), which reads as follows:

(a) An employer who terminates workers' compensation insurance coverage obtained under this subtitle shall file a written notice with the commission by certified mail not later than the 10th day after the date on which the employer notified the insurance carrier to terminate the coverage. *The notice must include a statement certifying the date that notice was provided or will be provided to affected employees under Section 406.005.*

(b) The notice required under this section shall be filed with the commission in accordance with Section 406.009.

(c) Termination of coverage takes effect on the later of:

(1) the 30th day after the date of filing of notice with the commission under Subsection (a); or

(2) *the cancellation date of the policy.*

(d) The coverage shall be extended until the date on which the termination of coverage takes effect, and the employer is obligated for premiums due for that period.

*Id.* (emphasis added). Golden filed written notice by certified mail with the Commission on May 6, 1991 which notified the Commission that Golden was canceling its workers' compensation insurance coverage effective May 5, 1991. Further, Golden instructed CIGNA via facsimile on May 3, 1991 to terminate its coverage effective May 5, 1991. Golden complied with 406.007(a) by filing a written notice with the Commission by certified mail within ten days after it notified CIGNA to terminate the coverage. Appellant does not contest that these procedures were followed.

Instead, appellant argues that coverage existed through October 1991, rather than June 5, 1991, because he interprets the phrase "the cancellation date of the policy" found in 406.007(c) to mean the cancellation date which was printed on the face of the policy itself, October 12, 1991. Before determining whether appellant's argument has merit, we must first discuss the rules of statutory construction.

■ A fundamental rule of statutory construction is that the court should ascertain the intent of the legislature "as expressed in the language of that statute." *State v. Terrell,* 588 S.W.2d 784, 786 (Tex. 1979). "Unless a statute is ambiguous, we must follow the clear language of the statute." *RepublicBank Dallas v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985).

> Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all its terms. But they must find its intent in its language and not elsewhere.... They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written

law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.

*Id.* (quoting *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920)); *accord Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984).

■ When taken in the context of the statute, the phrase "the cancellation date of the policy" found in 406.007(c) is not ambiguous. Section 406.007 of the Labor Code pertains to termination of coverage by an employer. Section 406.007(c) says the termination date shall be the later of: (1) the 30th day after the date of filing of notice with the commission under Subsection (a); or (2) the cancellation date of the policy. We interpret "the cancellation date of the policy" to mean May 5, 1991, the effective date of cancellation as dictated by Golden in its May 3, 1991 letter. This is the only rational interpretation of this provision. We believe that appellant's suggested interpretation is untenable. To interpret Section 406.007(c) as appellant suggests would preclude an employer from terminating its workers' compensation coverage prior to the set terms of the insurance policy. This is contrary to Texas law which allows for termination of coverage by an employer. TEX. LAB.CODE ANN. § 406.007 (Vernon Supp. 1996); *see Glover v. Employers' Liability Assur. Corp.,* 80 S.W.2d 1078 (Tex.Civ. App.—El Paso 1935, writ dism'd) (insurance policies, like other contracts, may be canceled at any time). We should avoid construing the Workers' Compensation Act, or any part thereof, in a manner which results in absurd consequences. *Fidelity & Cas. Co. of New York v. Shores,* 329 S.W.2d 911, 914–15 (Tex.Civ.App.—Fort Worth 1959, writ ref'd).

We find that the coverage was terminated thirty days after Golden gave notice to the Commission. Golden gave written notice by certified mail to the Commission on May 6, 1991, therefore, coverage was terminated effective June 5, 1991. Appellant is not entitled to receive any workers' compensation

benefits because no workers' compensation insurance coverage existed between Golden and CIGNA on the date of appellant's injury, June 10, 1991. Appellant's two points of error are overruled. We do not, by this opinion, intend to express any views that inhibit appellant's right to pursue a claim against Golden as a non-subscriber.

The judgment of the trial court is affirmed.