**Douglas RUSSELL, Appellant**

v.

**WENDY'S INTERNATIONAL, INC., Appellee.**

No. 05–05–01338–CV.

Court of Appeals of Texas, Dallas.

April 12, 2007.

---

R. Jack Ayres, Jr., Law Offices of R. Jack Ayres, Jr., P.C., Addison, for Appellant.

John K. Dunlap, Robert R. Roby, Gwinn & Roby, Dallas, for Appellee.

Before Justices MOSELEY, FITZGERALD, and LANG.

---

## OPINION.

*Opinion By Justice LANG.*

Douglas Russell appeals the trial court's summary judgment in favor of Wendy's International, Inc. on Russell's personal injury claims arising from an on-the-job incident. Wendy's is a nonsubscriber to the Texas workers' compensation system.

In resolving Russell's appeal, we must ultimately determine whether a claim of an employee against his nonsubscribing employer is barred by the running of the two-year statute of limitations, or whether § 33.004(e) of chapter 33 of the Texas Civil Practice and Remedies Code, titled "Proportionate Responsibility," permits Russell to pursue his claims against Wendy's. We conclude § 33.004(e) does so, on this record in this case. We reverse and remand for further proceedings consistent with this opinion.

## I. ISSUES

Russell raises four issues on appeal. For disposition of this appeal, we need only address the first and third issues.[1]

In his first issue, Russell asserts the trial court erred in the event it granted summary judgment on the ground that a defendant seeking to join a responsible third party after limitations expires is required to file a formal motion and obtain a court order to effectuate joinder under the pre–2004 version of chapter 33 of the Texas Civil Practice and Remedies Code.[2]

---

1. In his second issue, Russell argues that the trial court erred in granting summary judgment on grounds raised in a supplemental brief filed by Wendy's separate and apart from its motion for summary judgment. In his fourth issue, Russell argues the trial court erred by improperly holding Russell's common law negligence claim against his nonsubscribing employer was an action to recover workers' compensation benefits, thus preclud-

ing application of chapter 33. We need not address those issues, because of our determination of Russell's third issue.

2. Several statutes relevant to this action have been revised since this action was commenced. The parties do not dispute that the versions in effect at the time this action was commenced on April 24, 2003, are applicable in determining its resolution. References to

Wendy's did not respond to this issue on appeal, stating that its argument at the summary judgment hearing did not focus on this issue and it was relying upon its arguments in response to Russell's other three issues for affirmance of the trial court's order. We decide this issue favorably to Russell.

In his third issue, Russell asserts the trial court erred in granting summary judgment on Wendy's argument that the statute of limitations bars Russell's claim against Wendy's. Russell contends by granting the summary judgment, the trial court failed to recognize chapter 33 of the Texas Civil Practice and Remedies Code expressly allowed Wendy's, a nonsubscriber to the Texas workers' compensation system, to be named as a responsible third party by another defendant, and allowed Russell to then assert claims against Wendy's under the "saving" provision contained in § 33.004(e). Accordingly, Russell argues, the applicable two-year statute of limitations does not bar his claim. On this third issue, we decide in Russell's favor.

## II. FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident giving rise to this action, Russell was employed as a service technician by Wendy's. Russell asserted that on June 28, 2001, he was working on a lighting system, in the course and scope of his employment, at a Wendy's restaurant in Allen, Texas, and sustained an electrical shock injury. On April 24, 2003, Russell filed a negligence claim against Bugle Enterprises, Inc. d/b/a K–D Electric Co., the company that had initially installed the restaurant's lighting system. On July 11, 2003, Bugle filed a third-party action against Wendy's, contending Wendy's was "a responsible third party whose proportionate responsibility should be submitted to the jury, pursuant to § 33.03[sic] of the Texas Civil Practice & Remedies Code." On September 9, 2003, Russell joined Wendy's, asserting Wendy's had been negligent in maintaining the lighting system involved in the incident at issue. It is not disputed by the parties that on June 28, 2003, the two-year statute of limitations expired on Russell's personal injury claims against Wendy's.

Wendy's filed an original answer and three successive amended answers in which it denied Russell's allegations and specially excepted to Russell's failure to specify the maximum amount claimed in damages. Wendy's also pleaded, in the alternative, several affirmative defenses, including: (1) Russell's recovery was barred by § 33.001 of the Texas Civil Practice and Remedies Code because his percentage of responsibility was greater than fifty percent; (2) Russell's damages must be reduced by his percentage of responsibility pursuant to §§ 33.001–004 of the Texas Civil Practice and Remedies Code; (3) Wendy's was entitled to contribution from other defendants pursuant to chapter 33 of the Texas Civil Practice and Remedies Code; and (4) Russell's claims against Wendy's were "barred by the expiration of the applicable statutory limitations period, pursuant to TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a)." [3]

provisions of the Texas Civil Practice and Remedies Code and the Texas Workers' Compensation Act in this opinion are to the applicable versions.

**3.** The version of § 16.003(a) in effect at the time Russell's action was commenced stated "a person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues." Act of Sept. 1, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3252 (amended 1997) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 16.003(a) (Vernon Supp.2006)).

A series of cross actions and third-party actions ultimately involved five additional entities. The claims of all parties were eventually settled and disposed of, with the exception of Russell's claims against Wendy's.

Wendy's filed a motion for summary judgment,[4] asserting in relevant part:

In this case, the facts that are dispositive of the limitations defense are undisputed. The pleadings on file in this matter establish that the Plaintiff did not sue Wendy's for negligence until well after the two-year limitations period applicable to those claims had expired. The Plaintiff therefore may only proceed with such claims if there is an exception to the statute of limitations to which the Plaintiff can show himself entitled. As discussed below, there is no such applicable exception as a matter of law, and Wendy's is therefore entitled to summary judgment on the Plaintiff's individual claims against it.

In the argument section of its motion for summary judgment, Wendy's stated it anticipated Russell would "attempt to avail himself of the provisions of former Section 33.004 of the Texas Civil Practice and Remedies Code, with respect to a Plaintiff's ability to bring claims against a responsible third-party within sixty days after such responsible third-party has been properly joined by an existing Defendant." Wendy's asserted that in cases filed before July 1, 2003, a timely motion and an order were required to join a responsible third party under chapter 33. Because no such motion was filed in this case and no order was entered, Wendy's argued, there was no proper joinder of Wendy's as a responsible third party. Therefore, Wendy's contended, Russell could not attempt to use the responsible third party provision of chapter 33 of the Texas Civil Practice and Remedies Code to extend his limitations period as to Wendy's.

Russell filed a motion for summary judgment contending his claims against Wendy's had been asserted "within the time permitted under Tex. Civ. Prac. & Rem.Code § 33.004(e)." He argued that Wendy's, as a nonsubscriber to the Texas workers' compensation system, was precluded by the Texas Workers' Compensation Act from relying on or submitting its employee's contributory negligence. Further, Russell asserted chapter 33 states it does not apply to "an action to collect workers' compensation benefits under the workers' compensation laws of this state." Russell contended that "[c]hapter 33, the sole and exclusive statutory scheme in a pure negligence case, is simply not applicable to a workers' compensation case. Therefore, Wendy's is not entitled to submit the percentage responsibility of Plaintiff or any third parties in this case, nor receive any settlement credit or deduction for consideration received by Plaintiff from any third party."

Russell's response to Wendy's motion for summary judgment repeated his contention that his claims against Wendy's had been asserted "within the time permitted under Tex. Civ. Prac. & Rem.Code § 33.004(e)." In addition, Russell argued § 33.004 contained different requirements for joinder of a responsible third party depending upon whether or not the applicable statute of limitations had run against the claimant. If the claimant's limitation period had not run, Russell asserted, a motion and order were required to join a responsible third party. However, Russell

---

4. Wendy's moved for summary judgment on all of Russell's claims except those for "intentional infliction of emotional distress." Those "intentional infliction" claims were later nonsuited by Russell in order to make the trial court's judgment final for appeal.

contended that if the claimant's statute of limitations had expired, as it had in this case, a motion and order were not required.

Wendy's filed a supplemental brief in support of its motion for summary judgment to "bring to the Court's attention another argument." Wendy's stated in its supplemental brief that it agreed with Russell's assertion in his motion for summary judgment that chapter 33 is inapplicable to "a workers' compensation case." Wendy's contended this action constitutes such a case. Therefore, Russell could not rely upon the "saving" provision of § 33.004 to extend his limitations period. Accordingly, Wendy's argued, Russell's personal injury action against Wendy's was barred by the two-year statute of limitations.

In his response to Wendy's supplemental brief, Russell contended that "Wendy's focus is on the wrong party at the wrong time." Russell asserted Wendy's did not "cite any case law stating a rule of law that a defendant in a case against a plaintiff is unable to sue a non-subscribing employer as a responsible third-party through § 33.0004." He argued that because Bugle was the party who joined Wendy's, "Wendy's was properly joined in this action and Plaintiff's claims against them are proper." Russell contended that "[a]nalyzing the Legislature's statutes and rules consistently, it is clear that any claims Plaintiff asserts against Defendant Bugle are governed by Chapter 33 and any claims plaintiff seeks against Defendant Wendy's, because of their proper joinder, are not subject to Chapter 33."

The trial court granted Wendy's motion for summary judgment without specifying the ground for the decision.[5] This appeal followed.

## III. SUMMARY JUDGMENT

█ This Court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). The standards for reviewing motions for summary judgment are well established. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Thompson v. Curtis*, 127 S.W.3d 446, 449 (Tex.App.-Dallas 2004, no pet.). To prevail on summary judgment, a defendant as movant must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832 (Tex.App.-Dallas 2000, no pet.).

█ The movant for summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex.2000). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.*

█ When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed if any of the theories advanced are meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.

---

**5.** Russell's motion for summary judgment was denied.

1989); *see also First Union Nat'l Bank v. Richmont Capital Partners I, L.P.,* 168 S.W.3d 917, 923 (Tex.App.-Dallas 2005, no pet.).

## A. Wendy's Contention of Procedurally Improper Joinder

In his first issue, Russell addresses a procedural point raised by Wendy's in its motion for summary judgment as to proper joinder of Wendy's under § 33.004. In the trial court, Wendy's asserted that, in order to join Wendy's as a responsible third party, Bugle was required to file a "timely motion" and obtain an order under § 33.004(a). Because Bugle did not do so, Wendy's contended Bugle did not properly join it as a responsible third party. Therefore, Wendy's asserted, § 33.004(e), the "saving" clause, did not apply to allow Russell to bring his claim against Wendy's more than two years after Russell's injury, and Russell's claim was barred by limitations.

In the trial court and here, Russell specifically asserts § 33.004 of the Texas Civil Practice and Remedies Code does not require a defendant to file a motion or obtain an order to sue a responsible third-party defendant after the claimant's limitations period has run. Therefore, Russell contends his filing of claims against Wendy's, in response to Bugle's joinder of Wendy's, properly allowed him to pursue his claims against Wendy's. Wendy's did not brief this issue on appeal. However, because the trial court's summary judgment did not state the grounds upon which the summary judgment was granted, we must address all grounds raised by Wendy's in its motion for summary judgment. *Carr,* 776 S.W.2d at 569; *First Union,* 168 S.W.3d at 923. We decide this issue in Russell's favor.

### 1. Applicable Law

#### a. Joinder of Responsible Third Parties

Section 33.004 of the Texas Civil Practice and Remedies Code, titled "Joinder of Responsible Third Parties," provides in relevant part:

(a) Except as provided in Subsections (d) and (e), prior to the expiration of limitations on the claimant's claim for damages against the defendant and on timely motion made for that purpose, a defendant may seek to join a responsible third party who has not been sued by the claimant.

. . . .

(d) A third party claim by a defendant under this section may be filed, even though the claimant's action against the responsible third party would be barred by limitations, if the third party claim is filed on or before 30 days after the date the defendant's answer is required to be filed. This section shall not apply if the limitations period governing the claimant's action against the defendant joining the responsible third party is longer than the limitations period governing the claimant's action against the responsible third party.

(e) A claimant may join a responsible third party, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join the responsible third party not later than 60 days after a third party claim is filed under Subsection (d).[6]

### b. Statutory Interpretation

If the meaning of statutory language is unambiguous, we must interpret it accord-

---

**6.** Act of Sept. 1, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 972 (current version at Tex. Civ. Prac. & Rem.Code Ann. § 33.004 (Vernon Supp.2006)).

ing to its terms, giving meaning to the language consistent with other provisions in the statute. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 642 (Tex.2004). We read every word as if it were deliberately chosen and presume that omitted words were excluded purposefully. *See Cornyn v. Universe Life Ins. Co.*, 988 S.W.2d 376, 379 (Tex.App.-Austin 1999, pet. denied).

### 2. Application of Law to Facts

 Applying the applicable principles of statutory interpretation, we agree with Russell's assertion that the language of § 33.004 provides different requirements for joining a responsible third party depending on whether or not the applicable statute of limitations has run on the claimant's claim against the defendant. Although § 33.004(a) requires a timely motion, and presumably an order, by its own terms it applies *only* when joinder is sought "prior to the expiration of limitations on the claimant's claim for damages against the defendant." *See* Tex. Civ. Prac. & Rem.Code Ann. § 33.004(a). However, § 33.004(d) allows a defendant to file a third-party claim against a responsible third party "even though the claimant's action against the responsible third party would be barred by limitations, if the third party claim is filed on or before 30 days after the date the defendant's answer is required to be filed." *See id.* § 33.004(d). Notably, § 33.004(d) does not contain a requirement for a motion or order. *Id.* Accordingly, we conclude from the clear language of the statute that the legislature did not intend to impose a requirement on a party to file a motion with the court in order to join a party under § 33.004(d). *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981) (legislature intends a purpose in excluding term from one section and not another).

 The record shows Bugle did not seek to join Wendy's until July 11, 2003, which was after Russell's claim against Wendy's would have been barred by limitations on June 28, 2003. *See* Tex. Civ. Prac. & Rem.Code Ann. § 16.003(a). Thus, Bugle's joinder of Wendy's was governed by § 33.004(d), not § 33.004(a). *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 33.004(a), 33.004(d). Therefore, we conclude there was no requirement that Bugle file a motion and obtain an order to assert a third-party claim against Wendy's. We cannot agree with Wendy's contention Bugle's joinder of Wendy's was improper.

Next, we consider the third issue as to whether Russell's claim against Wendy's is barred by limitations or whether the "saving" clause, § 33.004(e), applies.

### B. Applicability of § 33.004(e) "Saving" Provision

 In his third issue, Russell argues the trial court erred in granting summary judgment on Wendy's argument that Russell's claim against Wendy's is barred by the statute of limitations.

Specifically, Russell contends the trial court erred by failing to recognize chapter 33 expressly allowed Wendy's, a nonsubscriber to the Texas workers' compensation system, to be named as a responsible third party by Bugle, and allowed Russell, after the statute of limitations had expired, to then assert claims against Wendy's under the "saving" provision of § 33.004(e) within sixty days after the filing of Bugle's third-party claim.

In response, Wendy's asserts that "[Russell's] work-related claim against his employer Wendy's arises under the Labor Code" and chapter 33 is, therefore, inapplicable regardless of who initially asserted a claim against Wendy's. *Kroger Co. v. Keng*, 976 S.W.2d 882 (Tex.App.-Tyler

1998), *aff'd* 23 S.W.3d 347 (Tex.2000).[7] Further, Wendy's cites the reasoning of the Tyler Court of Appeals in *Keng I*, the opinion which was reviewed by the Texas Supreme Court in *Keng II*. Specifically, Wendy's argues, pursuant to *Keng I*, that "Texas and federal case law support the Trial Judge's determination that [Russell's] suit against Wendy's is 'an action to collect worker's compensation benefits' under the Texas Worker's Compensation Act." *Keng I*, 976 S.W.2d at 891. We are urged to adopt that conclusion of the Tyler Court of Appeals because, Wendy's contends, § 33.002(c)(1) expressly provides chapter 33 does not apply to "an action to collect workers' compensation benefits...." For the reasons set forth below, we decide in Russell's favor on his third issue and conclude we need not address his second and fourth issues.

### 1. Applicable Law

#### a. *Comparative Responsibility*

Chapter 33 of the Texas Civil Practice and Remedies Code provides in § 33.001 that "[i]n an action to which this chapter applies, a claimant may not recover damages if his percentage of responsibility is greater than 50 percent." [8] "Claimant" is defined in § 33.011 as "a party seeking recovery of damages pursuant to the provisions of Section 33.001, including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff seeking recovery of damages." [9]

Section 33.002, titled "Applicability," provides in relevant part:

(a) Except as provided by Subsections (b) and (c), this chapter applies to any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought.

. . . .

(c) This chapter does not apply to:

(1) an action to collect workers' compensation benefits under the workers' compensation laws of this state.... [10]

In addition, § 33.003, titled "Determination of Percentage of Responsibility," provides:

The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:

(1) each claimant;

(2) each defendant;

(3) each settling person; and

---

**7.** For purposes of this opinion, we will hereinafter refer to the decision of the Tyler Court of Appeals as *Keng I*, and the decision of the Texas Supreme Court as *Keng II*. *See Kroger Co. v. Keng*, 976 S.W.2d 882 (Tex.App.-Tyler 1998), *aff'd*, 23 S.W.3d 347 (Tex.2000).

**8.** Tex. Civ. Prac. & Rem.Code Ann. § 33.001 (Vernon 1997).

**9.** Act of Sept. 1, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3271 (amended 1995) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 33.011(a) (Vernon Supp. 2006)).

**10.** Act of Sept. 2, 1987, 70th Leg., 1st C.S., ch. 2, § 2.05, 1987 Tex. Gen. Laws 41 (amended 2001) (current version at Tex. Civ. Prac. & Rem.Code Ann. § 33.002 (Vernon Supp. 2006)).

(4) each responsible third party who has been joined under Section 33.004.[11]

Finally, as noted above, under § 33.004(e), "[a] claimant may join a responsible third party, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join the responsible third party not later than 60 days after a third party claim is filed under Subsection (d)." [12]

### b. Texas Workers' Compensation Act

Section 406.033 of the Texas Workers' Compensation Act, titled "Common–Law Defenses; Burden of Proof," provides in pertinent part:

(a) In an action against an employer who does not have workers' compensation insurance coverage to recover damages for personal injuries or death sustained by an employee in the course and scope of the employment, it is not a defense that:

(1) the employee was guilty of contributory negligence;

(2) the employee assumed the risk of injury or death; or

(3) the injury or death was caused by the negligence of a fellow employee.

(b) This section does not reinstate or otherwise affect the availability of defenses at common law, including the defenses described by Subsection (a).

. . . .

(d) In an action described by Subsection (a) against an employer who does not have workers' compensation insur-

ance coverage, the plaintiff must prove negligence of the employer or of an agent or servant of the employer acting within the general scope of the agent's or servant's employment.[13]

### c. Statutory Interpretation

Statutory construction is a legal question we review de novo, ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words. *Sunset Valley*, 146 S.W.3d at 642. In ascertaining legislative intent, we may consider the evil sought to be remedied, the legislative history, and the consequences of a particular construction. *See* TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex.1998).

It is presumed in interpreting a statute that the entire statute is intended to be effective. TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 2005). Courts should give effect to "every sentence, clause, and word of a statute so that no part thereof [will] be rendered superfluous." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex.2003) (quoting *Spence v. Fenchler*, 107 Tex. 443, 180 S.W. 597, 601 (1915)). We do not view disputed portions of a statute in isolation. *Texas Workers' Comp. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex.2000).

A statute is presumed to have been enacted by the legislature with complete knowledge of the existing law and with reference to it. *Acker v. Texas Water*

---

**11.** Act of Sept. 2, 1987, 70th Leg., 1st C.S., ch. 2, § 2.06, 1987 Tex. Gen. Laws 41 (amended 1995) (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 33.003 (Vernon Supp. 2006)).

**12.** Act of Sept. 1, 1995, 74th Leg., R.S., ch. 136, § 1, 1995 Tex. Gen. Laws 972 (current

version at TEX. CIV. PRAC. & REM.CODE ANN. § 33.004 (Vernon Supp.2006)).

**13.** Act of Sept. 1, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 1153 (amended 2001) (current version at TEX. LAB.CODE ANN. § 406.033 (Vernon 2006)).

*Comm'n,* 790 S.W.2d 299, 301 (Tex.1990). We do not give a statute a meaning that conflicts with other provisions if we can reasonably harmonize the provisions. *Dallas Cent. Appraisal Dist. v. Tech Data Corp.,* 930 S.W.2d 119, 122 (Tex.App.-Dallas 1996, writ denied). *See also Acker,* 790 S.W.2d at 301.

When a general statutory provision conflicts with a more specific provision, "the provisions shall be construed, if possible, so that effect is given to both." TEX. GOV'T CODE ANN. § 311.026(a) (Vernon 2005). If the conflict between a general provision and a more specific provision is irreconcilable, "the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." *Id.* at § 311.026(b); *see also City of Dallas v. Mitchell,* 870 S.W.2d 21, 23 (Tex.1994).

In creating the Texas Workers' Compensation Act, the legislature carefully balanced the competing interests of injured employees, employers, and insurance carriers in an attempt to design a viable compensation system, all within constitutional limitations. *See Texas Workers' Comp. Comm'n v. Garcia,* 893 S.W.2d 504, 521 (Tex.1995). Courts should avoid construing the Texas Workers' Compensation Act, or any part thereof, in a manner which results in absurd consequences. *Gonzalez v. CIGNA Ins. Co. of Tex.,* 924 S.W.2d 183, 186 (Tex.App.-San Antonio 1996, writ denied). *See also Ward County Irrigation Dist. No. 1 v. Red Bluff Water Power Control Dist.,* 170 S.W.3d 696, 700 (Tex.App.-El Paso 2005, no pet.) (court must consider consequences that would follow from construction of a statute and avoid absurd results).

### 2. Application of Law to Facts

Wendy's primary thrusts in its argument are that: 1) Russell's assertion that § 33.004(e) applies to extend the limitations period for his claim is inconsistent and inherently conflicting because Russell agrees none of the comparative negligence provisions of chapter 33 can be submitted or applied to measure an employee's conduct in a nonsubscriber case, and 2) "the Texas Supreme Court has held that provisions of the Proportionate Responsibility Act *do not apply* " in a nonsubscriber case. (emphasis original). Wendy's suggests we resolve these issues by adopting the Tyler Court of Appeals' reasoning in *Keng I* that a nonsubscriber case, including this case, is an action to collect workers' compensation benefits. Such a conclusion by us would, according to Wendy's, preclude application of any part of chapter 33 to Russell's claims against Wendy's. We cannot agree with the propositions urged by Wendy's.

We begin our analysis with the decisions of the Tyler Court of Appeals and the Texas Supreme Court in *Keng.* In that case, Kroger, a nonsubscribing employer, sought to submit to a jury comparative negligence questions regarding an employee's conduct, premised on the comparative negligence provisions of chapter 33. *See Keng I,* 976 S.W.2d at 888. Kroger's position was based on its view that a claim by an employee against a nonsubscribing employer is not "an action to collect workers' compensation benefits." *Id.* at 890–91. Kroger reasoned such "workers' compensation benefits" were expressly not available against a nonsubscribing employer. *Id.* Rather, Kroger contended an employee in a nonsubscriber case pursued a common law claim within bounds identified in the Texas Workers' Compensation Act. *Id.* at 889–90. Accordingly, Kroger argued § 33.002(c)(1) did not bar the application of chapter 33. *Id.* at 890–91.

The Tyler Court of Appeals began its analysis with the premise that "the Texas

Workers' Compensation Act is to be construed liberally in favor of injured workmen and it is improper to supply by implication restrictions on employee's [sic] rights which are not found in the language of the statute." *Id.* at 890 (citing *Miears v. Industrial Acc. Bd.*, 149 Tex. 270, 232 S.W.2d 671, 675 (1950)). Further, the Tyler court noted the Texas Workers' Compensation Act defines "benefit" as "a medical benefit, an income benefit, a death benefit, or a burial benefit based on a compensable injury." *Id.* at 891. Then, the Tyler court concluded that "when an employee files suit against a nonsubscribing employer, that suit is 'an action to collect benefits [and damages] under the workers' compensation laws of Texas'" (brackets original) and submission of the issue of comparative negligence to the jury was precluded. *Id.* at 891.

In *Keng II*, the Texas Supreme Court commenced its analysis in the same vein as the Tyler Court of Appeals by acknowledging the Texas Workers' Compensation Act should be liberally construed in favor of injured workers. *Keng II*, 23 S.W.3d at 349. Then, the supreme court noted that to discourage employers from opting out of the workers' compensation system, the legislature created a penalty provision, codified in § 406.033 of the Texas Labor Code, prohibiting a nonsubscriber from asserting that its employee was contributorily negligent or assumed the risk, or that a fellow employee's negligence caused the employee's injuries. *Id.* at 349–51. Further, the supreme court observed that, in enacting § 406.033, the legislature "intended to delineate explicitly the structure of an employee's personal-injury action against his or her nonsubscribing employer." *Id.* at 350–51.

At this point, the supreme court in *Keng II* diverged from the Tyler court's reasoning. The supreme court stated that "in resolving whether the comparative-responsibility statute applies in a nonsubscriber case, we need not determine, as Kroger urges, whether a suit under section 406.033 is 'an action to collect workers' compensation benefits under the workers' compensation laws of this state.'" *Id.* at 352; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 33.002(c)(1). Instead, focusing on the statutory preclusion of contributory negligence in § 406.033, the court reasoned, "Because section 406.033 precludes a contributory-negligence finding, the provisions of the comparative-responsibility statute *that could implicate an employee's conduct* necessarily cannot apply in a nonsubscriber case." *Keng II*, 23 S.W.3d at 352 (emphasis added). Thus, the supreme court held, a nonsubscribing employer is not entitled to a jury question on its employee's alleged comparative responsibility. *Id.*

Pivotal in our resolution of this issue is the parties' agreement as to the inapplicability of comparative negligence to the facts, the clarity of the record, and the fact that § 33.004 does not address comparative responsibility. Neither Wendy's nor Russell contend any comparative negligence questions can be before the trial court as to Russell's nonsubscriber claims against Wendy's. The record reflects, unequivocally, that Russell filed his original action naming only Bugle. The framing of the claim against only Bugle was Russell's choice. Within the time period allowed by § 33.004(d), Bugle chose to join Wendy's, seeking recovery on theories of contribution and indemnity. Wendy's responded by filing a third-party action for contribution against two other parties, who are not before this Court. The application of chapter 33 to the actions filed to that point is not assailed. Then, the record reflects that within sixty days of Bugle's filing of its third-party action against Wendy's, as required by § 33.004(e), Russell amended

his petition to join Wendy's as a direct co-defendant with Bugle. Finally, the section of chapter 33 at issue in this case, titled "Joinder of Responsible Third Parties," does not provide in any way for determination of a claimant's comparative responsibility. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 33.004(e).

The issue before us, respecting the statute of limitations and the "saving" clause in § 33.004(e), stands in sharp contrast to the issue presented in *Keng.* In *Keng II,* the supreme court defined the issue as dealing solely with whether "a nonsubscriber to workers' compensation insurance is entitled to a jury question regarding its employee's alleged comparative responsibility for his or her injuries." *Keng II,* 23 S.W.3d at 347. Further, in its holding, the supreme court concluded that the Texas Labor Code precluded a contributory negligence finding and that "the provisions of the comparative-responsibility statute that could implicate an employee's conduct necessarily cannot apply in a nonsubscriber case." *Id.* at 352 (emphasis added). On this record, we conclude the case before us, in which we address the applicability of the "saving" clause in § 33.004(e), is not one where the application of § 33.004(e) "could implicate an employee's conduct" in contradiction with § 406.033 of the Texas Worker's Compensation Act. *See id;* TEX. LAB.CODE ANN. § 406.033. Further, we decline Wendy's request to adopt and apply here the reasoning of the Tyler Court of Appeals in *Keng I,* which the supreme court declined to adopt, where the court of appeals declared that an employee's suit against his nonsubscribing employer is "an action to collect benefits [and damages] under the workers' compensation laws of Texas." *Keng I,* 976 S.W.2d at 891. The issue, respecting which that court of appeals applied that conclusion, is not the issue we address today.

Wendy's also supports its contentions by asserting certain federal cases "lend credence to Wendy's interpretation of the comprehensive nature of the Workers' Compensation Act as encompassing nonsubscriber claims." However, the federal cases cited by Wendy's address 28 U.S.C. § 1445(c) (2006), a federal statutory provision preventing the removal to federal court of a case filed in state court if such case is one "arising under the workers' compensation laws" of the state. Those cases do not address the issue before us. *See Trevino v. Ramos,* 197 F.3d 777, 781 (5th Cir.1999) (remand of retaliatory discharge claims to state court required by 28 U.S.C. § 1445(c)); *Jones v. Roadway Express, Inc.,* 931 F.2d 1086, 1092 (5th Cir. 1991) (removal of retaliatory discharge claim to federal court prohibited by 28 U.S.C. § 1445(c)); *Figueroa v. Healthmark Partners, LLC,* 125 F.Supp.2d 209, 211 (S.D.Tex.2000) (removal of nonsubscriber case barred by 28 U.S.C. § 1445(c)); *Dupree v. Valero Energy Corp.,* 2003 WL 22466234, at *2 (E.D.La.2003) (original filing in federal court of claims "arising under" state workers' compensation laws not prohibited by 28 U.S.C. § 1445(c)).

The *Figueroa* case demonstrates the inapplicability of the rulings in those cases to the issues before us. In *Figueroa,* the federal court's decision turned on whether an employee's personal injury action against a nonsubscribing employer was removable to federal court because, as a nonsubscriber case, it was a common law negligence case and therefore not an action "arising under" state workers' compensation laws. *Figueroa,* 125 F.Supp.2d at 210. The *Figueroa* court noted that "[28 U.S.C. § 1445(c)] denotes an effort by Congress to restrict the district courts' diversity jurisdiction in order to relieve the collectively overburdened docket of the federal courts.... Courts have therefore construed Section 1445(c) broadly in order

to further this purpose." *Id.* at 211. After reviewing *Keng I* and *Keng II*, the *Figueroa* court observed that Texas case law recognizes "the comprehensive nature of the Texas workers' compensation scheme," and decided the nonsubscriber case was one "arising under" the workers' compensation laws of Texas. *Id.* at 211–12. Therefore, the court was required to remand the action to the state court from which it had been removed. *Id.* at 212. The federal cases cited by Wendy's make no statement on the point Wendy's would have us adopt, i.e., whether the nonsubscriber claim is "an action to collect benefits [and damages] under the workers' compensation laws of Texas." *Keng I,* 976 S.W.2d at 891; *see also* Tex. Civ. Prac. & Rem.Code Ann. § 33.002(c)(1). We cannot agree those cases are persuasive or applicable in disposition of this appeal.

We conclude Russell's assertion of the "saving" clause to inhibit the running of the applicable statute of limitations is not inconsistent and inherently conflicting with his posture that the comparative negligence provisions of chapter 33 cannot be subscribed, nor applied in this case. Further, the supreme court's holding in *Keng II* does not preclude joinder by Russell of Wendy's pursuant to § 33.004(e). Russell's third issue is decided in his favor.

## IV. CONCLUSION

We conclude Bugle's joinder of Wendy's pursuant to § 33.004 was not procedurally flawed as Wendy's contends. Russell's first issue is decided in his favor. In addition, we conclude the *Keng* decisions of the Tyler Court of Appeals and the Texas Supreme Court do not preclude application of the "saving" provision of § 33.004(e), in chapter 33 of the Texas Civil Practice and Remedies Code, to Russell's claims against Wendy's. Accordingly, Russell's claims against Wendy's are not barred by the two-year statute of limitations governing personal injury actions. Russell's third issue is decided in his favor. We need not reach Russell's second and fourth issues. *See* Tex.R.App. P. 47.1.

The trial court's summary judgment is reversed and remanded for further proceedings consistent with this opinion.