# NO. 12-23-00263-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *EAST TEXAS MEDICAL CENTER ATHENS,* | § | *ORIGINAL PROCEEDING* |
| | § | |
| *RELATOR* | | |

---

## *MEMORANDUM OPINION*

Relator, East Texas Medical Center Athens (ETMC Athens), filed this original proceeding to challenge Respondent's order striking its designation of responsible third parties.[1] We deny the writ.

## BACKGROUND

Sharon Dunn, Real Party in Interest, alleges she was injured while working in the emergency department at ETMC Cedar Creek Lake on November 20, 2017. She contends that when she was giving a report to a paramedic at the nurse's station, an emergency medical technician named Gary Woolverton pushed an empty stretcher into her back. Dunn claims the impact propelled her forward and caused her to immediately feel intense pain from her back down her left leg and into her foot. She subsequently underwent back surgery and claims to suffer from a permanent disability as a result of the injury.

Dunn initially sued Woolverton and his employer, ETMC EMS. At that time, she did not name her employer, ETMC Athens, as a defendant.[2] After the deadline for filing expert reports

---

[1] Respondent is the Honorable Jason Ellis, Judge of the County Court at Law in Smith County, Texas.

[2] ETMC Cedar Creek Lake was a facility under the ETMC Athens umbrella, and Dunn was assigned to work there at the time of the incident.

under the Texas Medical Liability Act (TMLA) passed, Woolverton and ETMC EMS filed a motion to dismiss Dunn's claims under the TMLA, alleging they were health care liability claims requiring expert reports. The trial court denied the motion following a hearing. On appeal, this Court determined the claims against Woolverton and ETMC EMS were health care liability claims requiring expert reports. Because Dunn had not complied with the TMLA, this Court ordered the claims against Woolverton and ETMC EMS be dismissed with prejudice.[3]

Between the filing of the motion to dismiss and corresponding hearing, Dunn amended her petition to include allegations that ETMC Athens failed to provide a safe place to work and was negligent at the time of the incident. ETMC Athens is a nonsubscriber to workers' compensation. Following the dismissal of Dunn's claims against Woolverton and ETMC EMS, ETMC Athens filed a motion to designate them as responsible third parties. Dunn did not object, and Respondent granted the motion.

Eleven months later, Dunn filed a motion to strike the designation of responsible third parties. She urged, in part, that Chapter 33 of the Civil Practice and Remedies Code, which includes the responsible third party statute, does not apply to the case because it is an action to collect benefits under the workers' compensation laws of Texas. In response, ETMC Athens argued, in part, that Dunn waived her objections to the designations, Dunn failed to argue there was no evidence supporting the designations, and that its status as a nonsubscriber does not alter the availability of a responsible third party designation. After conducting two hearings, Respondent granted the motion to strike. This original proceeding followed.

## AVAILABILITY OF MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007). Generally, a writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005). The relator has the burden of establishing these prerequisites, and this burden is a heavy one. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.); *see In re EPIC Holdings, Inc.*, 985 S.W.2d 41, 56 (Tex. 1998).

---

[3] *ETMC EMS v. Dunn*, No. 12-19-00152-CV, 2020 WL 562971, at *6, 8 (Tex. App.—Tyler Feb. 5, 2020, orig. proceeding) (mem. op.).

A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner or, stated differently, when it acts without reference to guiding rules and principles. *See **In re Colonial Pipeline Co.***, 968 S.W.2d 938, 941 (Tex. 1998). When a trial court fails "to analyze or apply the law correctly," it has clearly abused its discretion. ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex. 1992). "The trial court has no discretion in determining the law or applying the law to the facts." ***In re Sherwin-Williams Co.***, 668 S.W.3d 368, 370 (Tex. 2023). However, when considering a writ of mandamus, "we focus on the result reached by the trial court rather than its reasons." ***In re Stevens***, 971 S.W.2d 757, 760 (Tex. App.—Beaumont 1998, orig. proceeding). If the trial court expresses an incorrect legal reason for its ruling, we will nevertheless uphold the order on any other grounds supported by the record. ***Luxenberg v. Marshall***, 835 S.W.2d 136, 141–42 (Tex. App.—Dallas 1992, orig. proceeding).

Because the erroneous denial of a motion for leave to designate a responsible third party skews the proceedings, potentially affects the litigation's outcome, and compromises the defense in ways unlikely to be apparent in the appellate record, such an error ordinarily renders the appellate remedy inadequate. ***In re Coppola***, 535 S.W.3d 506, 509–10 (Tex. 2017). The same problems arise when a trial court erroneously grants a motion to strike a responsible third party designation. ***In re Molina***, 575 S.W.3d 76, 79 (Tex. App.—Dallas 2019, orig. proceeding). Thus, we conclude, the appellate remedy is also ordinarily inadequate when a trial court commits such an error.

## ABUSE OF DISCRETION

ETMC Athens contends Respondent abused his discretion when it granted Dunn's motion to strike the designation of Woolverton and ETMC EMS as responsible third parties.

### Applicable Law

Texas law allows a tort defendant to designate a person as a "responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a) (West 2020). The designation's purpose is to have the responsible third party submitted to the trier of fact as a possible cause of the claimant's harm. *See id.* § 33.003 (West 2020). This may reduce the percentage of responsibility attributed to the defendant, thus ultimately reducing its liability to the claimant. *See id.* § 33.013 (West Supp. 2022); ***Flack v. Hanke***, 334 S.W.3d 251, 262 (Tex. App.—San Antonio 2010, pet. denied)

("[T]he defendant typically would be the party seeking to retain the RTP in the jury charge to diminish his potential liability and perhaps eliminate any joint and several liability.").

Once a responsible third party has been designated, and after an adequate time for discovery has passed, a party may move to strike the designation "on the ground that there is no evidence that the designated person is responsible for any portion of the claimant's alleged injury or damage." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(*l*). "The court shall grant the motion to strike unless a defendant produces sufficient evidence to raise a genuine issue of fact regarding the designated person's responsibility for the claimant's injury or damage." *Id.* Thus, the question for the trial court is whether the defendant produced sufficient evidence, more than a scintilla, for a reasonable jury to find the responsible third party responsible for a portion of the claimant's injury or damages. *In re Transit Mix Concrete & Materials Co.*, No. 12-13-00364-CV, 2014 WL 1922724, at *3 (Tex. App.—Tyler May 14, 2014, orig. proceeding) (mem. op.).

The trial court's ruling on a motion to strike presents a legal question. *See Ham v. Equity Residential Prop. Mgmt. Servs., Corp.*, 315 S.W.3d 627, 631 (Tex. App.—Dallas 2010, pet. denied). Thus, our review, even under the abuse of discretion mandamus standard, is de novo. *See In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009) ("Under an abuse of discretion standard, we defer to the trial court's factual determinations if they are supported by evidence, but we review the trial court's legal determinations de novo.").

## Analysis

Dunn urges that Chapter 33 itself prohibits ETMC Athens from designating responsible third parties. As relevant here, the proportionate responsibility chapter, Chapter 33, does not apply to "an action to collect workers' compensation benefits under the workers' compensation law of this state (Subtitle A, Title 5, Labor Code)." TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(c)(1) (West 2020). ETMC Athens, on the other hand, urges that Section 33.002 is inapplicable in this case because it is a nonsubscriber and nonsubscriber cases arise out of common law and not the "workers' compensation law of this state."

The question then becomes whether a suit against a nonsubscribing employer constitutes "an action to collect workers' compensation benefits under the workers' compensation law." In support of its assertion that it does not, ETMC Athens contends the Texas Supreme Court has opined that nonsubscriber cases arise out of common law and not the Texas Workers' Compensation Act (TWCA). *See Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 212-13 (Tex.

4

2015). However, in *Austin*, the Texas Supreme Court clarified the duty rules in premises liability cases on a certified question from the Fifth Circuit. *Id.* at 202. As such, the Court held that the TWCA's waiver of a nonsubscriber's defenses has no bearing on the analysis of an employer's duty. *Id.* And the Court further held that, even with the TWCA's waiver of defenses, an employee must still prove all elements of a claim to prevail. *Id.* at 212-13. Specifically, the Court stated as follows:

> Although the TWCA's waiver of defenses is intended to encourage employers to subscribe to the workers' compensation system, the TWCA does not create an "especially punitive litigation regime for non-subscribing employers." Absent intentional misconduct, employees still must prove all the elements of a common law negligence claim to prevail against nonsubscribing employers. "In other words," as the Fifth Circuit observed in this case, TWCA "section 406.033(a)(1)–(3) may limit an employer's defenses, but it does not eliminate an employee's burden to establish his common law claim." This burden, of course, includes the burden to prove that a defendant had a duty to the plaintiff, which is the issue that our general rule and exceptions address.

*Id.* (internal citations omitted). Essentially, the Court clarified that, unlike cases in which an employer is a subscriber to workers' compensation, an employee must prove negligence against a nonsubscribing employer.

ETMC further cites to a Fifth Circuit case stating that "a cause of action does not arise under workers' compensation laws merely because the workers' compensation statute deprives the defendant of certain defenses to the cause of action." *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel, L.L.C.,* 620 F.3d 558, 568 (5th Cir. 2010) (quoting *Eurine v. Wyatt Cafeterias, Inc.*, Civ. A. No. 3-91-0408-H, 1991 WL 207468 at *2 (N.D. Tex. Aug. 21, 1991)). But in that case, the Fifth Circuit reviewed a summary judgment and made an "*Erie* guess" as to whether an employee's negligence claim against a nonsubscriber imposes an "obligation" under workers' compensation law. *Id.* at 563-64. In addition, we are not bound by decisions from the Fifth Circuit. *See Penrod Drilling Corp. v. Williams*, 868 S.W.2d 294, 296 (Tex. 1993).

But we are bound by our own precedent. *See, e.g., Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 427 (Tex. App.—Dallas 2019, pet. denied) ("[A]bsent an intervening change in law, we follow our own precedent."). This Court was previously asked whether a negligence case against a nonsubscriber is a workers' compensation case in *Kroger Co. v. Keng*, 976 S.W.2d

882 (Tex. App.—Tyler 1998), *aff'd*, 23 S.W.3d 347 (Tex. 2000).[4]  In that case, Kroger sought to limit its liability in asserting comparative negligence against Keng, its employee.  *Id*. at 888.  In attempting to determine whether the proportionate responsibility statute in Section 33.001 conflicted with the TWCA, we held that "when an employee files suit against a nonsubscribing employer, that suit is 'an action to collect benefits [and damages] under the workers' compensation laws of Texas.'"  *Id.* at 891.  Two reasons supported this determination.  First, under the TWCA, an employee has a statutory burden to prove the employer's negligence.  *Id.* (citing Tex. Labor Code Ann. § 406.033(d) (West 2006)).  Therefore, under the statute, if the employee is the sole cause of the injury, he cannot recover pursuant to the statute even without the defense of contributory negligence.  *Id.*  "Consequently, an employee's negligence action against his nonsubscribing employer is brought 'under the workers' compensation laws of Texas,' not only common law."  *Id.*  Second, a nonsubscriber is statutorily prohibited from asserting certain common law defenses in a personal injury action brought by an employee.  *Id.* (citing Tex. Labor Code Ann. § 406.033(a)).  "It is 'by the terms of [Texas Workers' Compensation] law" that an employer is deprived of the defenses of contributory negligence, assumed risk, and fellow servant negligence.  *Id.*

When the Texas Supreme Court reviewed the case, it focused on the statutory preclusion of contributory negligence in the TWCA.  *Keng II*, 23 S.W.3d at 352.  And the Court expressly did not determine whether a suit under Section 406.033 is "an action to collect workers' compensation benefits under the workers' compensation laws of this state."  *Id.*

ETMC Athens also points us to a case from our sister court in Dallas, *Russell v. Wendy's Int'l, Inc.*, 219 S.W.3d 629 (Tex. App.—Dallas 2007, pet. dism'd).  This case is distinguishable from the facts presented herein.  In *Russell*, the Dallas Court had to determine whether a claim of an employee against a nonsubscribing employer is barred by the running of the two-year statute of limitations or whether the savings provision of the responsible third party statute permitted him to pursue his claims.  *Id.* at 631.  Russell, the employee, sought to join his employer, Wendy's, to the suit after the statute of limitations had run after a different defendant brought a third-party action against Wendy's.  *Id.* at 632.  After analyzing both *Keng I* and *Keng II*, the *Russell* court determined that the issue before it, "respecting the statute of limitations and the

---

[4] For purposes of this opinion, we will henceforth refer to our decision as *Keng I* and the Texas Supreme Court's decision as *Keng II*.  *See Kroger v. Keng*, 976 S.W.2d 882 (Tex. App.—Tyler 1998), *aff'd*, 23 S.W.3d 347 (Tex. 2000).

6

'saving' clause in § 33.004(e)," was distinct from the issue presented in the *Keng* cases. *Id.* at 640. It declined to adopt our reasoning in *Keng I* because it "is not the issue we address today." *Id.* at 641. And it ultimately concluded that the *Keng* decisions "do not preclude application of the 'saving' provision of § 33.004(e)" to the employee's claims against his employer. *Id.* at 642.

When construing a statute, courts use the ordinary meaning of terms unless the Legislature provided a definition. TEX. GOV'T CODE ANN. § 311.011 (West 2013); *Hopkins v. Spring I.S.D.*, 736 S.W.2d 617, 619 (Tex. 1987). And the ultimate goal in any statutory construction is to give effect to the intent of the Legislature to the greatest degree possible. TEX. GOV'T CODE ANN. § 311.021, 311.023 (West 2013). We cannot ignore the Legislature's direction that the proportionate responsibility chapter does not apply to certain actions. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.002(c). Furthermore, we recognize that designation of a responsible third party is not listed in the TWCA as a prohibited defense for nonsubscribers. *See* TEX. LABOR CODE ANN. § 406.033(a). However, under the express terms of the TWCA, an employee must still prove that her employer was negligent to prevail at trial. TEX. LABOR CODE ANN. § 406.033(d). If a third party was ultimately responsible, an employer may still be able to defeat an employee's negligence claim.

We previously determined that a negligence case against a nonsubscribing employer is an action for workers' compensation benefits under the TWCA. *Keng I*, 976 S.W.2d at 891. That decision has not been overruled. Therefore, under the facts of this case, designation of a responsible third party under Section 33.004 is barred under the express terms of the statute. Based on this reasoning, the trial court did not abuse its discretion in striking the designation of responsible third parties. Consequently, ETMC Athens fails to establish its entitlement to mandamus relief.

## DISPOSITION

Having determined that no abuse of discretion occurred under the facts of this case, we *deny* ETMC Athens's petition for writ of mandamus. We *lift* our stay of October 11, 2023.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 21, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 21, 2023**

**NO. 12-23-00263-CV**

**EAST TEXAS MEDICAL CENTER ATHENS,**
Relator
V.

**HON. JUDGE JASON A. ELLIS,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by East Texas Medical Center Athens; who is the relator in appellate cause number 12-23-00263-CV and a defendant in trial court cause number 68714, pending on the docket of the County Court at Law of Smith County, Texas. Said petition for writ of mandamus having been filed herein on October 11, 2023, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*