**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00403-CV**
_____

**IN RE GEICO INDEMNITY INSURANCE COMPANY**

**Original Proceeding**
**60th District Court of Jefferson County, Texas**
**Trial Cause No. B-203,493**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relator Geico Indemnity Insurance Company ("GEICO") complains that the trial court clearly abused its discretion by "disgorging" GEICO of its settlement proceeds from a property damage claim and ordering GEICO to deliver all but $1,500 of GEICO's settlement proceeds to counsel for the Real Parties in Interest, Adena Amber Guthrie and Cody Wayne Guthrie. We stayed all further proceedings in the trial court while the Guthries responded to GEICO's mandamus petition. We conditionally grant mandamus relief.

1

Background

In July 2018, the Guthries leased a 2018 Jaguar from Barrett Jaguar. Barrett Jaguar assigned its rights as lessor to JP Morgan Chase Bank NA ("Chase"). The lease agreement required the Guthries to keep the vehicle insured, including at least $50,000 for property damage coverage. The lease stated in part, "You authorize us to settle any claim for loss or damage to the Vehicle, and to collect insurance proceeds, directly with or from your insurer, as well as to endorse your name on and negotiate any insurance check or draft." Under the lease, the Guthries were responsible for the risk of loss to the vehicle, and the lease required that they promptly pay the adjusted lease balance should the vehicle be damaged beyond repair. They agreed to indemnify the lessor for any damages that might occur to the vehicle.

In connection with their obligation under the lease, the Guthries obtained an auto insurance policy from GEICO to insure the Jaguar. The policy included a statement, "3. LEGAL ACTION AGAINST US[,] a. No legal action may be brought against us [GEICO] until there has been full compliance with all the terms of this policy." The policy expressly provided GEICO with the contractual right to seek subrogation and reimbursement for any payments GEICO made on behalf of the Guthries:

4. OUR RIGHT TO RECOVER PAYMENT

a. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:
1. Whatever is necessary to enable us to exercise our rights; and
2. Nothing after loss to prejudice them. (A release of the insurer of an underinsured motor vehicle does not prejudice our rights.)
. . . .
b. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:
1. Hold in trust for us the proceeds of the recovery; and
2. Reimburse us to the extent of our payment. (However, we may not claim the amount recovered from an insurer of any underinsured motor vehicle.)

After a multiple-vehicle accident occurred on Interstate 10 on January 25, 2019, the Guthries sued Denzel Danai Benjamin-Helaire and his employer, Tidus Nadie Trucking LLC, for negligence. The trial court consolidated the Guthries' lawsuit into a lawsuit filed by Christopher Dowden and Ashley Castrogiovanni, in which they were seeking to recover damages from the same accident. Jennifer Perot intervened into the suit and filed a negligence claim for bodily injury against the defendants.

On January 24, 2020, National Liability & Fire Insurance Company ("National") notified the Guthries' attorney and others, including several claimants that had not joined in Trial Cause Number B203,493, that in connection with the occurrence covered by a $1,000,000 policy it had already received demands in excess of $1,125,191 for bodily injuries and property damages, including a January

3

31, 2019, property damage demand from GEICO's attorney. The record indicates that GEICO paid Chase (the lienholder for the Jaguar being leased by the Guthries at the time of the accident) the total sum of $41,229.

According to the Guthries, National tendered its policy limits. On May 5, 2020, all parties, including the Guthries and GEICO, attended a mediation that resulted in the Guthries and GEICO being allocated a reduced sum in settlement of their claims.

On June 9, 2020, GEICO intervened in the consolidated lawsuit to recover subrogation damages in an amount of at least $38,655.61. In June and August, Dowden, Perot, and Castrogiovanni non-suited their claims.

On October 6, 2020, the Guthries filed a Motion to Seal Document. The document referred to in the motion was a Motion for Apportionment, which the Guthries asked the trial court to review in camera so that the award they received from would remain confidential and so the allocations in the settlements could remain confidential. A certificate of service indicated the instrument had been delivered to all counsel of record and stated it was mailed to GEICO's attorney, Dowden's attorney, and the attorney for the defendants. The cover letter for the motion noted, "this delivery is made by mail in order for the Plaintiffs' Motion for Apportionment to be 'sealed' and reviewed by the Court *in camera*."

On October 20, 2020, the Guthries filed a Notice of Withdrawal of Motion to Seal Document. In their notice, the Guthries stated that the Motion to Seal Document was moot because "their claims have been filed and presented to the Court[,]" and "The Court has reviewed the Plaintiff's pleadings *in camera*." A certificate of service indicated the instrument had been delivered to counsel of record for GEICO, among others. On January 11, 2021, the trial court signed an order granting the Guthries' Motion to Seal the Guthries' Motion for Apportionment, ordered the District Clerk to intake the Motion for Apportionment as "Confidential[,]" and stated that the court would consider the document in camera.

On January 15, 2021, the Guthries gave notice of a remote access oral hearing of the Motion for Apportionment on January 20, 2021, at 3:00 p.m. A certificate of service indicated the instrument had been delivered to all counsel of record, including GEICO's counsel, the lawyer for Dowden, and the lawyer for the defendants.

On January 20, 2021, at 2:56 p.m., GEICO filed a Notice of Non-Suit with Prejudice. The trial court signed a Final Order of Non-Suit with Prejudice the following afternoon, on January 21, 2021. Before the trial court signed the Order of Non-Suit, however, it signed an Order for Apportionment, which ordered "that the entirety of the funds awarded to Adena Amber Guthrie and Cody Wayne Guthrie, for personal injuries and to GEICO, for property damage, be tendered to the Court

5

pending the Court's determination of apportionment, attorney fees and expenses." The trial court further ordered that "Adena Amber Guthrie is awarded the total sum of $23,750.00 for personal injuries received in the incident subject of this suit;" that "Cody Wayne Guthrie is awarded the total sum of $10,750.00 for personal injuries received in the incident subject of this suit;" and "GEICO is awarded the total sum of $1[,]500.00 for its claims alleged in this suit."

On February 8, 2021, GEICO filed a Motion to Vacate Nonsuit and Reinstate Claim and Motion to Vacate Orders to Seal and for Apportionment and Motion for Rehearing on Plaintiff Guthries' Motion for Apportionment. Along with these motions, GEICO filed a brief with supporting exhibits. GEICO alleged that the Motion for Apportionment had not been served on GEICO, and it argued that the Motion for Apportionment contained information that wasn't correct and that it was actually seeking a "disgorgement of GEICO's [settlement] funds" that were already in GEICO's possession from the settlement GEICO reached with the defendants separately, an agreement over which the trial court lacked authority. GEICO explained that GEICO's counsel failed to attend the hearing on the Motion for Apportionment because of misdeeds by opposing counsel, its own counsel's inadvertent error in calendaring the hearing, and because GEICO had resolved its claims at the mediation, it believed its interests were not at issue in the January 20, 2021 hearing and GEICO was unaware the trial court had signed an order

"disgorging" GEICO of its settlement proceeds when GEICO had filed its notice of nonsuit. GEICO further argued that the trial court's order operated as a collateral attack on GEICO's mediated settlement agreement. GEICO complained that it had no notice that the trial court would make a final adjudication in the case on January 20, 2021. GEICO complained that it had not been effectively or properly served with the Motion for Apportionment and argued that the trial court lacked the authority to divest GEICO of the funds it bargained for in a settlement agreement with the defendants by taking them away and awarding them to another party.

GEICO complained that the Motion to Seal and the attached or contemporaneously filed "Motion for Apportionment" had been manually filed but later withdrawn by the Guthries, and as a result there was no motion to support either the January 11, 2021 sealing order or the January 20, 2021 Order for Apportionment. GEICO alleged it had not been served with the Motion for Apportionment at any time before the January 20, 2021 hearing, that GEICO's counsel first became aware of the hearing about an hour before it was scheduled to start, that counsel already had a conflicting calendar event and assumed the hearing did not affect GEICO's interest because the Motion to Seal had been withdrawn three months earlier and GEICO's counsel had never seen the Motion for Apportionment. GEICO alleged the Motion for Apportionment was baseless because GEICO negotiated and received its

7

own settlement funds pursuant to its own separate contractual settlement agreement with National.

GEICO attached supporting documentation to its Brief in Support of its motions, including: (1) the January 11, 2021 Order granting the Motion to Seal; (2) the Motion for Apportionment; (3) the January 21, 2021 Order for Apportionment; (4) the Motor Vehicle Lease Agreement with Barrett Jaguar; (5) an email from the Guthries' lawyer to GEICO's lawyer informing her that the trial court had considered the motion for apportionment and that he anticipated the trial court would sign an order; and (6) a copy of *Gonzalez v. CIGNA Insurance Co. of Texas*, 924 S.W.2d 183 (Tex. App.—San Antonio 1996, writ denied), a case that GEICO argued the Guthries had cited to the court in a misleading manner.

The Guthries submitted a response opposing GEICO's motions. The Guthries argued GEICO had been notified of the hearing but its counsel chose not to appear after being notified of the hearing on the motion to apportion, that the trial court "had jurisdiction and authority to equitably divide the proceeds obtained by the Guthries and apportion a fair amount to the property subrogation interest[,]" and that GEICO's failure to file a written response to the motion and appear for the hearing "is fatal to Movant's position." The Guthries argued that their attorney served the Notice of Hearing on GEICO's attorney on January 15, 2021, through the e-file system and that GEICO's attorney received this service and chose to ignore the

8

proceedings. According to the Guthries, GEICO's attorney had knowledge of the Guthries' claims under the Motion for Apportionment, the Motion to Seal, and the proposed order since October 2020 when "[t]he documents were forwarded via U.S. Mail to preserve confidentiality of the monies awarded during mediation." They argued their Motion to Withdraw Motion to Seal informed GEICO that the trial court had reviewed their Motion for Apportionment in camera.

The trial court held a hearing on GEICO's Motion for Reconsideration on March 3, 2021. The trial court took judicial notice of the filings and pleadings in the case. GEICO argued the trial court lacked the jurisdiction to disturb a settlement agreement contract where no party to the agreement asked the trial court to enforce it. The Guthries argued GEICO's lawyer knew a motion had been filed in October 2020 and knew the trial court would hear the motion on January 11 before that hearing occurred but decided not to attend. In response to that argument, GEICO's lawyer explained that she never received the Motion for Apportionment, and she argued that the Guthries had not supplied proof that the motion had been mailed and received. GEICO's attorney explained that she had been dealing with defense counsel and had already settled GEICO's case against the trucking company and the driver and that she thought she did not need to participate in the Guthries' hearing because she had already executed the settlement documents with the defendants. She

stated that the first time she saw the Motion for Apportionment was when the Guthries' lawyer e-mailed it to her the day after the hearing.

On March 9, 2021, stating that it had considered "the facts, exhibits and pleadings[,]" the docket sheet, and the matters leading up to the filing of GEICO's motions, the trial court denied the motion to vacate the nonsuit and reinstate GEICO's claim, denied the motion to vacate the orders to seal and for apportionment, and denied the motion for rehearing on the motion for apportionment.

On March 31, 2021, the Guthries filed a Motion to Enforce Court Order and Affirmative Claims. They asked the trial court to enforce its order of March 9, 2021, by ordering GEICO "to perform as ordered and to deliver the funds to the undersigned within three days of the Court's order." The motion included an allegation that "[t]he funds belong to the Plaintiffs" and that by refusing to tender the funds to counsel for the Guthries, GEICO "has wrongfully exercised control over the money[]" for which "Plaintiffs seek return of their property plus actual damages[]" and interest. The motion alleged GEICO's "failure to return funds, to continue to convert those funds and to refuse to provide or follow the Court's order is a breach of fiduciary duty[]" created by the insurance contract for which the Guthries "seek to recover actual damages, economic damages, mental anguish

10

damages, forfeiture and all other damages permitted by Texas law, and attorney fees."

On April 26, 2021, GEICO filed a Motion to Reconsider Order for Apportionment and Objection to Plaintiff Guthries' Motion to Enforce. GEICO argued that the Guthries relied upon inapplicable workers' compensation law to ask the trial court to provide the Guthries with most of GEICO's settlement proceeds while ignoring the lawful contract of insurance and ignoring the fact that neither the Guthries nor their lawyer were parties to the settlement agreement between GEICO and the defendants' insurance company. GEICO argued under the terms of the insurance contract the Guthries agreed that GEICO retained a contractual right of subrogation and a contractual right to reimbursement, in exchange for GEICO assuming the risk of paying property damage on the Jaguar. GEICO argued that following the accident the Guthries exercised their contractual right to ask GEICO to handle their property damage claim and GEICO paid off the balance of the Guthries' lease with Barrett Jaguar and paid property damage to Chase, but when GEICO sought to exercise its contractual right to subrogation, the Guthries attempted to thwart GEICO's contractual right by requesting the court to provide the Guthries with GEICO's settlement proceeds related to GEICO's property subrogation claim. GEICO argued any equitable argument relating to subrogation must yield to GEICO's contractual right of subrogation and any ruling to the

11

contrary constitutes an improper re-writing of the insurance policy's subrogation and reimbursement clauses. GEICO asked the trial court to withdraw the Order on Guthries' Motion for Apportionment, deny the Motion for Apportionment, and dismiss with prejudice the Guthries' affirmative claims for conversion and breach of fiduciary duty. GEICO attached to the motion the Lease Agreement documents, the Texas Personal Auto Policy, the rental reimbursement and property damage claim receipts, a copy of GEICO's Petition in Intervention, GEICO's December 14, 2020 property damage release to the defendants and their insurance company, and a declaration authenticating the documents attached to the motion.

On September 28, 2021, the trial court held a remote access hearing on GEICO's Motion to Reconsider. The Guthries argued GEICO's motion should be denied because GEICO had failed to appear for the hearing on the Motion for Apportionment. Counsel for the Guthries asked the trial court to order "the uninsured motorist claim and this matter to a mediation for a half day to work it out because, otherwise, you've heard this twice and ruled on it." The trial court took the matter under consideration.

On September 28, 2021, the trial court ordered the parties to mediation. On November 18, 2021, GEICO notified the trial court by letter that the mediation had been unsuccessful and requested a ruling on its motion to reconsider the order for apportionment. On December 9, 2021, by letter to the trial court the Guthries again

12

reminded the trial court that GEICO's attorney chose not to attend the January 20, 2021 hearing and attached copies of the January 21, 2021 Order For Apportionment and the March 9, 2021 Order denying GEICO's Motion to Vacate Nonsuit and Reinstate Claim, Motion to Vacate Orders to Seal and for Apportionment, and Motion for Rehearing on Guthries' Motion for Apportionment.

On November 27, 2023, the Guthries gave notice of a December 11, 2023 status conference. At the December 11, 2023 status conference, the trial court noted that it had not yet ruled on the motion for reconsideration, and stated the motion would be denied. On December 21, 2023, the trial court signed an order denying GEICO's motion for reconsideration. The trial court affirmed the January 21, 2021, Order for Apportionment and ordered GEICO to deliver the funds referenced in that order to counsel for the Guthries within 30 days. GEICO filed its Petition for Mandamus with this Court six days later, on December 27, 2023.

Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding).

"A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827

13

S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because "'[a] trial court has no 'discretion' in determining what the law is or [in] applying the law to the facts[.]'" *See Prudential*, 148 S.W.3d at 135 (quoting *Walker*, 827 S.W.2d at 840).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). This balancing test is necessarily a fact-specific inquiry that "resists categorization[.]" *Prudential*, 148 S.W.3d at 136. "The most frequent use we have made of mandamus relief involves cases in which the very act of proceeding to trial—regardless of the outcome—would defeat the substantive right involved." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding).

<u>Disputed Issues</u>

GEICO contends the trial court abused its discretion by disgorging GEICO of its settlement proceeds and then giving those proceeds to the Guthries on their bodily injury plaintiffs who were not a party to GEICO's settlement agreement. GEICO also argues the trial court abused its discretion by ruling on the Guthries' Motion for Apportionment when a copy of the motion was not served on GEICO until after the hearing and the hearing notice was ambiguous as to whether the hearing was relevant

14

to GEICO. GEICO argues it lacks an adequate remedy by appeal. We also note that, at the time the trial court issued its order requiring GEICO to turn over its settlement proceeds, the Guthries had not filed a suit or any claims against GEICO.

The Guthries' Motion for Apportionment and the
January 21, 2021 Order of Apportionment

First, we examine the legal and factual basis asserted by the Guthries to support their Motion for Apportionment. The Guthries' Motion for Apportionment stated, "Movants do not ask for the Court to disturb the allocations [of the distribution amounts awarded to each claimant], except for those funds allocated to the Guthries and their property damage insurance carrier, Geico." Citing *Mantas v. Fifth Court of Appeals*, 925 S.W.2d 656, 659 (Tex. 1996) (orig. proceeding), they argued that a claim to enforce a settlement agreement should, if possible, be asserted in that court under the original cause number. They asserted the court had authority to impose the sanctions and relief requested under Rules 13 and 215 of the Texas Rules of Civil Procedure, Chapters 9 and 10 of the Civil Practice and Remedies Code, and the cases cited in the Motion for Apportionment.

Chapters 9 and 10 of the Texas Civil Practice and Remedies Code and Texas Rule of Civil Procedure 13 concern sanctions for filing frivolous claims and Texas Rule of Civil Procedure 215 concerns sanctions for discovery abuse. *See generally* Tex. Civ. Prac. & Rem. Code Ann. §§ 9.012 (providing for a trial court to strike a pleading, dismiss a party, or order the offending party to pay the incurred expenses

15

of opposing party as a sanction for filing a frivolous pleading); 10.004 (providing that upon finding a person has signed a frivolous pleading or motion, the trial court may direct the violator to perform or refrain from performing an act, pay a penalty to the court, or pay the opposing party's reasonable expenses incurred because of the filing of the frivolous pleading or motion); Tex. R. Civ. P. 13 (the trial court may impose a sanction for filing an instrument that is groundless or made in bad faith; Tex. R. Civ. P. 215 (providing for sanctions for abuse of discovery). None of these rules or statutes have any application to this situation, in which the plaintiffs sought a trial court order requiring the intervenor to surrender most of the settlement the intervenor had obtained through mediation with the defendants.

The cases cited in the Guthries' Motion for Apportionment concern when and how to deduct attorneys' fees from a personal injury recovery before reimbursing the workers' compensation carrier for benefits paid under the workers' compensation laws. *See Ill. Nat'l Ins. Co. v.* Perez, 794 S.W.2d 373, 377 (Tex. App.—Corpus Christi 1990, writ denied); *Bridges v. Tex. A&M Univ. Sys.*, 790 S.W.2d 831, 833 (Tex. App.—Houston [14th Dist.] 1990, no writ). The Guthries relied on these cases and Labor Code section 417.002 as "guidelines" for calculating the net amount recovered by a claimant in a third-party action to reimburse the insurance carrier for benefits it provided to a claimant. Section 417.002 of the Texas Labor Code concerns recovery in a third-party action in a workers' compensation

16

case. *See* Tex. Lab. Code Ann. § 417.002. The Guthries' Motion for Apportionment asserted a right to apportionment provided by the Workers' Compensation Act. The Guthries' arguments in support of their basis for their apportionment simply do not apply to this case because GEICO's settlement funds have absolutely nothing to do with workers' compensation.

In their response to GEICO's mandamus petition, the Guthries argue they were requesting an equitable redistribution of moneys disproportionately allocated to the property insurance carrier. Citing *Ortiz v. Great Southern Fire & Casualty Insurance Company*, the Guthries argue an insurer is not entitled to compensation until after the insured is compensated for their loss. *See* 597 S.W.2d 342, 344 (Tex. 1980). But GEICO had a contractual right under its policy to seek reimbursement for the amounts it paid under the insurance policy. There are three varieties of subrogation—equitable, contractual, and statutory—each representing distinct rights that are independent of each other. *Fortis Benefits v. Cantu*, 234 S.W.3d 642, 648 (Tex. 2007). "Where a valid contract prescribes particular remedies or imposes particular obligations, equity generally must yield unless the contract violates positive law or offends public policy." *Id*. at 648-49. Parties are free to replace equitable protections with specific contract language. *Id*. at 649. "[C]ontract-based subrogation rights should be governed by the parties' express agreement and not invalidated by equitable considerations that might control by default in the absence

17

of an agreement." *Id*. at 650. The Guthries provided the trial court with workers' compensation cases and statutes that were completely inapplicable to this matter. The Guthries completely ignored the provisions in the contract of insurance, and wholly failed to articulate a valid legal basis for their Motion for Apportionment.

In addition to lacking a valid legal basis, the face of the record establishes that the Guthries' stated factual basis for the requested "reapportionment" is demonstrably incorrect. The Guthries' Motion for Apportionment claims that GEICO's counsel did not participate in the settlement of the matter, but the record shows that allegation is not true. National provided notice to GEICO as subrogee of Cody Guthrie through GEICO's own lawyer, who thereafter filed GEICO's Petition in Intervention, who negotiated its own mediated settlement agreement with National. And, then in accordance with the terms of the settlement agreement between GEICO and National, the attorney who represented Geico filed a notice of nonsuit on its subrogation claim.

GEICO contends the trial court abused its discretion in ordering GEICO to disgorge its settlement proceeds and requiring GEICO to hand over those proceeds to the Guthries, who were not a party to the Geico and National settlement agreement. According to GEICO, under their insurance agreement with GEICO, the Guthries have no right to the settlement proceeds GEICO recovered pursuant to its settlement with National and the defendants. Additionally, GEICO argues the

18

Guthries lack standing to seek to modify the settlement agreement because they were neither parties to the agreement nor third party beneficiaries to it. The Guthries argue they have standing to "challenge the apportionment" because GEICO's claim for recovery against the defendants derives from the rights of the Guthries as GEICO's insured.

"A settlement agreement is a contract, and its construction is governed by legal principles applicable to contracts generally." *Austin Tr. Co. as Tr. of Bob & Elizabeth Lanier Descendants Trs. for Robert Clayton Lanier, Jr. v. Houren*, 664 S.W.3d 35, 42 (Tex. 2023). The release signed by GEICO released National and its insureds from property damage claims, and it does not purport to release anyone for claims for bodily injuries. GEICO retains its rights as outlined in the insurance contract. GEICO had the contractual right to seek a reimbursement from National and then to negotiate and receive settlement proceeds from National. The contract gave GEICO the right to recover the subrogated property damage claim from National and the Defendants, and it required the Guthries to assist GEICO in its recovery of the property damage payment. Nothing in the insurance contract grants the Guthries the right to require GEICO to disgorge its settlement, nor does it grant the Guthries the right to take possession of all or any portion of the property damage settlement that GEICO obtained by its own efforts, or the right to ask that a trial

19

court compel GEICO to hand the proceeds of all or part of the settlement GEICO made with a third-party to the Guthries or their attorney. .

A guiding principle here is that a court should not "judicially rewrite the parties' contract by engrafting extra-contractual standards that neither the Legislature nor the Texas Department of Insurance has thus far decided to promulgate." *Fortis Benefits*, 234 S.W.3d at 649. We conclude the trial court abused its discretion by failing to follow that principle.

### March 9, 2021 Order Denying Motion to Vacate

GEICO also argues the trial court abused its discretion by denying GEICO's February 8, 2021 Motion to Vacate Nonsuit and Reinstate Claim, Motion to Vacate Orders to Seal and for Apportionment, and Motion for Rehearing on Plaintiff Guthries' Motion for Apportionment. GEICO contends the Guthries failed to comply with Texas Rule of Civil Procedure 21(a) when they submitted their Motion to Seal and their Motion for Apportionment to the trial court on October 6, 2020. Rule 21(a) provides:

> Filing and Service Required. Every pleading, plea, motion, or application to the court for an order, whether in the form of a motion, plea, or other form of request, unless presented during a hearing or trial, must be filed with the clerk of the court in writing, must state the grounds therefor, must set forth the relief or order sought, and at the same time a true copy must be served on all other parties, and must be noted on the docket.

Tex. R. Civ. P. 21(a).

20

The defects in notice that GEICO contends resulted in a denial of due process include: (1) the docket sheet indicates that the Guthries filed a Motion to Seal, but the docket sheet has no indication that a motion for apportionment was ever filed; (2) the Guthries failed to use the electronic filing and service system when they submitted the Motion to Seal; (3) in the Motion to Seal, the Guthries requested that the trial court seal their Motion for Apportionment and requested that the trial court review their Motion for Apportionment in camera, but the Motion to Seal failed to mention that the Guthries were seeking relief against GEICO (a party they had not sued); (4) the Motion to Seal states that the Motion for Apportionment is attached and is being filed contemporaneously, but nothing is attached or filed separately; and (5) months later, and shortly before the scheduled hearing, the trial court signed an order stating that the court would review the motion for apportionment in camera.

GEICO complains that the January 15, 2021, Notice of Hearing was ambiguous. The notice stated that the trial court would consider the Guthries' Motion for Apportionment, but it failed to mention GEICO or what the Guthries sought to have apportioned. Although a link was sent to every lawyer who still had a client in the case, nothing in the link or the motion stated that GEICO's settlement with National was the subject of the hearing. GEICO contends that the Guthries failed to serve a copy of the Motion for Apportionment on GEICO until after the hearing occurred. GEICO argues that the lack of service of the Motion for

21

Apportionment, together with the ambiguous hearing notice, violated GEICO's right to due process.

The Guthries argue GEICO was properly served and put on notice of the Motion for Apportionment when the Guthries mailed a copy of the motion to counsel for GEICO contemporaneously with the filing of their Motion to Seal on October 5, 2020. They argue GEICO was served a second time when the Guthries filed a Notice of Withdrawal of the Motion to Seal the Motion for Apportionment. They contend the trial court granted the motion on January 11, 2021, giving GEICO access to view the apportionment. They argue the filings complied with Rule 21a because they were filed with the clerk, stated the grounds of the claim as well as the relief sought, and a true copy was sent to all parties and was noted on the docket.

"Notice is '[a]n elementary and fundamental requirement of due process.'" *B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (quoting *Mullane v. Centr. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). For parties to a lawsuit, procedural due process requires notice of trial court proceedings. *Id*. "Such notice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 423 (quoting *Mullane*, 339 U.S. at 314). "When parties are not afforded a meaningful opportunity to be heard, 'the

22

remedy for a denial of due process is due process.'" *Id*. (quoting *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995)).

To the extent the failure to appear at the hearing in question was the basis for the trial court's ruling, GEICO contends this matter should be examined under principles that apply to a default judgment. A trial court should set aside a default judgment and grant a new trial when the defaulting party establishes that (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

The record establishes that the Guthries had no pending claims against GEICO at the time the Guthries filed the Motion for Apportionment, or at the time GEICO filed its Motion to Vacate, and by the time the Motion for Apportionment was filed, GEICO had already settled its property damage reimbursement claim against the defendants. GEICO's attorney sufficiently explained that the failure to appear was not intentional or the result of conscious indifference. GEICO established that its attorney first read the motion on the day after the trial court signed both the order for apportionment and the order on GEICO's non-suit. The parties were required to electronically file their documents. *See* Tex. R. Civ. P. 21(f). The Guthries did not electronically file the Motion for Apportionment, evidently in reliance on an

23

exception for documents filed under seal or presented to the court for in camera inspection. *See* Tex. R. Civ. P. 21(f)(4)(B). We note that there is a certificate of service on the Guthries' Motion for Apportionment. In the March 3, 2021, hearing on GEICO's Motion to Vacate, however, GEICO's lawyer stated that she never received the Motion for Apportionment through regular mail, and she noted that the Guthries had not submitted any controverting proof that the Motion for Apportionment was sent by U.S. mail and received by her.

The Guthries suggest that GEICO could have accessed the motion between October 20, 2020, and January 11, 2021, but there is no evidence in the record that it was available on e-file during that time. Although there is an indication in the record that the motion to seal was withdrawn on October 20, 2020, there is nothing in our record showing the contents of the motion to seal and the Motion for Apportionment were available to GEICO ahead of the January 20, 2021 hearing. Although GEICO's lawyer learned of the scheduled Motion for Apportionment hearing five days before the trial court held the hearing, GEICO sufficiently explained the failure to attend the hearing had been inadvertent. GEICO believed it had settled its claim on its own and filed a notice of non-suit of its claim. Therefore, GEICO reasonably believed it would not be involved in any apportionment as to any other funds. GEICO emphasized it had not received the Motion for Apportionment, which was submitted to the trial court in camera. Consequently, GEICO was not

24

aware that the Guthries had asserted an invalid basis for ordering GEICO to disgorge its settlement.

On the record before us, we conclude that GEICO established that it had a meritorious defense to the Motion for Apportionment, and that the motion lacked a valid legal basis. As a matter of law, the Guthries lacked any right or interest in GEICO's settlement proceeds, as the lease agreement and the insurance policy gave GEICO the right to pay off the lease, pursue its subrogation claim itself, and settle the property damage claim with the defendants without the Guthries' participation.

It is the policy of the State of Texas to encourage the peaceable resolution of disputes. *See* Tex. Civ. Prac. & Rem. Code Ann. § 154.002. The trial court is responsible for carrying out the policy of peaceable resolution of disputes. *Id*. § 152.003. Rather than enforcing the GEICO settlement agreement with the defendants and their insurance carrier according to its terms, the trial court improperly employed equitable subrogation principles borrowed from workers' compensation cases and eviscerated GEICO's contractual rights. *See Fortis Benefits*, 234 S.W.3d at 650.

Granting a new hearing in March 2021 would not have occasioned a delay or injury to the Guthries because the trial court lacked the authority to compel GEICO to tender its settlement proceeds to the trial court or to award any part of GEICO's settlement proceeds to the Guthries, who held no claim to or interest in the

25

$21,763.34 that GEICO recovered on its $38,655.51 claim for the benefits the Guthries had already realized under the insurance policy.

We conclude that the trial court abused its discretion by signing the March 9, 2021 Order denying Geico Indemnity Insurance Company's Motion to Vacate Nonsuit and Reinstate Claim; Motion to Vacate Orders to Seal and for Apportionment; and Motion for Rehearing on Plaintiff Guthries' Motion for Apportionment and Motion to Deny Same. GEICO established that GEICO's failure to attend the hearing had been inadvertent, showed it had a meritorious defense to the Motion for Apportionment, and established that granting the motion would not have delayed the proceedings.

### December 21, 2023 Order Enforcing Order for Apportionment

The Guthries also moved to enforce the Order for Apportionment a few weeks after the trial court denied GEICO's Motion to Vacate. Their motion argued GEICO's failure to tender all but $1,500 of the property subrogation settlement funds was tortious because the Guthries owned the funds and GEICO was violating a fiduciary duty by withholding them. In response to the Guthries' Motion to Enforce, GEICO reminded the trial court that the Guthries had relied on inapplicable workers' compensation law and that awarding GEICO's settlement funds to the Guthries violated applicable Texas Supreme Court precedent because the order was contrary to both the insurance policy and the settlement agreement. Rather than rule

26

on the motions that were before the trial court, the trial court accepted the Guthries' suggestion to order the parties to mediate. Approximately two years later, the trial court then denied GEICO's Motion to Reconsider without expressly ruling on the Guthries' Motion to Enforce and for the first time ordered GEICO to deliver the funds, not to the trial court, but directly to the Guthries' attorney.

Citing *Rivercenter Associates v. Rivera*, the Guthries argue in this mandamus proceeding that GEICO inexcusably delayed seeking mandamus relief from the appellate court. *See* 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). We disagree. The record indicates that GEICO promptly notified the trial court that the mediation had been unsuccessful and requested a ruling on its Motion to Reconsider. The trial court left the Guthries' Motion to Enforce and GEICO's Motion to Reconsider pending for two years. GEICO promptly sought mandamus relief after the trial court ruled on GEICO's Motion to Reconsider and ordered GEICO to deliver the settlement funds directly to the Guthries' lawyer.

We conclude that the trial court abused its discretion by denying GEICO's Motion to Reconsider and entering its Order of December 21, 2023. The Order for Apportionment was interlocutory and the Motion to Reconsider was based on controlling precedent and was filed in response to the Guthries' Motion to Enforce. Therefore, GEICO correctly argued the trial court lacked authority to grant the Motion for Apportionment and to order GEICO to surrender its subrogation

27

settlement to the insured. GEICO established that its failure to appear for the hearing on the Motion for Apportionment was not due to conscious indifference, that the Motion for Apportionment lacked a valid basis in law and in fact, and that the trial court's orders were contrary to *Fortis Benefits*. *See* 234 S.W.3d at 650.

When we balance the benefits of mandamus review against the detriments, we conclude mandamus relief is necessary to preserve GEICO's substantive and procedural rights from impairment or loss. *See Team Rocket*, 256 S.W.3d at 262. The trial court's orders deprive GEICO of its contractual right to recover its property damage claim from the responsible parties without a trial and interfere with GEICO's settlement agreement with the responsible parties' insurer. Not only has GEICO been unjustly deprived of its contractual rights under the insurance policy to recover, but also in their motion to enforce the trial court's orders of January 21, 2021 and March 9, 2021, the Guthries have also asserted additional claims against GEICO for allegedly converting the $21,763.34 settlement that GEICO made with the defendants and for breach of fiduciary duty for failing to obey the trial court's order. Allowing the trial court's orders to stand until GEICO can challenge them on appeal will expose all parties to litigation expense and liability exposure for conversion and breach of fiduciary duty for failing to comply with the trial court's improper orders. GEICO lacks an adequate remedy by appeal.

## Conclusion

We conclude that the trial court abused its discretion by granting the Motion for Apportionment, by denying the Motion to Vacate, by denying the Motion to Reconsider, and by ordering GEICO to surrender to another the funds it received in its settlement for its release of the property damage claim. We further conclude that GEICO lacks an adequate remedy by appeal. We lift our stay order and conditionally grant mandamus relief. We are confident that the trial court will vacate its orders of January 21, 2021, March 9, 2021, and December 21, 2023, and that it will sign an order denying the Motion for Apportionment. The writ shall issue only if trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on February 7, 2024
Opinion Delivered June 13, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

29